UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

Church Mutual Insurance Company,                    Case No.:  4:09-cv-00487
                                                    Judge James M. Moody
      Plaintiff,

v.                                                  **STIPULATED PROTECTIVE ORDER**

Harold R. Copenhaver, Jeff W. O'Donnell, and
United Insurance Agency, Inc.,

      Defendants.

---

  Upon the stipulation of the parties, it is hereby Ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)   Review of confidential documents and information by counsel for the parties, the parties, the parties' experts and consultants, actual or proposed witnesses, third parties from whom information is sought pursuant to subpoena, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit shall not waive the confidentiality of the documents, objections to production of any confidential documents, or objections to the admissibility of confidential documents at trial.

(b)   The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality, notwithstanding any law to the contrary.  Upon request, the party receiving privileged documents shall return to the party producing privileged documents, within two (2) business days, all copies of such documents and all other documents that incorporated information from the inadvertently produced documents. In addition, an inadvertent failure to designate documents or information as Confidential or Attorney's Eyes Only does not, standing alone, waive the producing party's right to secure protection under this Order for such material.  If material is designated as Confidential or Attorney's Eyes Only after the material was originally produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(c)   Only documents containing trade secrets, confidential information, or proprietary information may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it.  Without prejudice to a party's right to seek production of the following information or of a party to object to its production, the information subject to a confidentiality designation may include, but is not limited to, the following: attorney-client communications, communications in anticipation of litigation, methods, processes, rating and estimating formulas, compositions and other writings, systems, techniques, computer programs, data, research projects, customer lists, customer files, customer presentations, customer proposals, prospect client files, prospective client

        presentations, prospective client proposals, underwriting information for any customer or prospective client, policyholder expiration data, coverage information, pricing data, financial data, marketing data, prospect lists, claims information, production process and merchandising systems, and plans. Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "CONFIDENTIAL" on each page designated as confidential. For compact or DVD disks, the disk shall be stamped with the word "CONFIDENTIAL," and all files and print-outs from such disk shall be treated as confidential.

(d)     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court.

(e)     In addition, the parties to this litigation may designate certain documents or information to be produced as "Attorneys' Eyes Only." Nothing shall be designated as Attorneys' Eyes Only information except competitive information of the most sensitive nature that includes as a major portion subject matter that is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Attorneys' Eyes Only" information if it is information that:

    1.     is in the public domain at the time of disclosure, as evidenced by a written document;

    2.     becomes a part of the public domain through no fault of the other party, as evidenced by a written document;

    3.     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    4.     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

(f)     Discovery material produced in this litigation may be used only for purposes of asserting and/or proving claims and defenses in this litigation. Documents designated Confidential shall be shown only to counsel for the parties, the parties and former employees of the parties, the parties' experts and consultants, actual or proposed witnesses (provided that such actual or proposed witnesses or their former or current employer are referenced in the document or identified in the document as the author, recipient, speaker, or participant in a conversation) and other support staff whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit (e.g., paralegals, administrative assistants, or outside vendors).

        Documents and information designated Attorneys' Eyes Only shall be shown only to: (i) attorneys of record for the parties in this litigation; (ii) employees and copy vendors of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; and (iii) independent experts who have been designated in writing by notice to all counsel fourteen (14) days prior to any disclosure of Attorneys' Eyes Only documents and information to such independent experts. Any objection to the disclosure of

2

        documents or information designated Attorneys' Eyes Only to such independent experts shall be made by filing an Expedited Motion for Protective Order before the Honorable James Moody of the United States District Court for the Eastern District of Arkansas (or any judge sitting in his stead) within ten (10) days of the written notice.  Any objection to the disclosure of documents or information designated Attorneys' Eyes Only to such independent experts shall be made only for good-faith reasons related to the confidentiality of the Attorneys' Eyes Only information.  If the filing of an Expedited Motion for Protective Order pursuant to this paragraph materially affects the ability of any party to this litigation to obtain and present expert opinion and/or testimony in a timely fashion, the parties agree to take reasonable steps in response, such as (but not necessarily limited to) adjusting expert disclosure deadlines.

        Each individual (other than the attorneys for the parties and the regular employees and support staff of such attorneys) who is permitted to see Confidential or Attorneys' Eyes Only documents shall first be shown a copy of this Stipulated Protective Order and shall sign a copy of the Written Confirmation attached as Exhibit A confirming that they have been advised of and will honor the confidentiality designation.  Counsel for each party shall maintain a copy of these Written Confirmations.  Such Written Confirmations shall remain nondiscoverable except in the event of a dispute concerning the improper disclosure of confidential documents or information.

(g)     If a party believes that a document designated or sought to be designated Confidential or Attorneys' Eyes Only by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h)     At the time of deposition or within ten (10) days after receipt of the deposition transcript, the party or other entity that produced the information may designate as Confidential or Attorneys' Eyes Only specific portions of the transcript that contain Confidential or Attorneys' Eyes Only matters under the standards set forth in paragraphs (c) or (e), above.  This designation shall be stated on the record by counsel or shall be in writing and served upon all counsel.  No objection shall be interposed at a deposition that an answer would elicit confidential information, except to enforce a limitation imposed by this Order.  Transcripts will be treated as confidential for this 10-day period.  Any portions of a transcript designated Confidential or Attorneys' Eyes Only shall thereafter be treated as Confidential or Attorneys' Eyes Only in accordance with this Order.  In filing materials with the Court in pretrial proceedings, counsel shall file any pleading, motion, or other paper filed with the Court containing Confidential or Attorneys' Eyes Only material with the Clerk of the Court under seal in an envelope marked "FILED UNDER SEAL PURSUANT TO COURT ORDERED DATED December___, 2009," and bearing the caption of the case and title of the document.  Such papers filed under seal shall not be unsealed or made a part of the public record except by further order of this Court.

(i)  In any application to the Court referred to or permitted by this Order, the Court may apply the standards of Federal Rule of Civil Procedure 37 in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(j)  This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to the client his or her evaluation in a general way of Confidential or Attorneys' Eyes Only information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential or Attorneys' Eyes Only information produced pursuant to this Order, which disclosure would be contrary to the terms of this Order.

(k)  Within thirty (30) days after the completion of this litigation, including any post-judgment motions and appeals, each party shall destroy all documents and materials designated Confidential or Attorneys' Eyes Only (including any copies and printouts thereof) and shall destroy all extracts and/or data taken from such documents and materials (other than notes or memoranda protected under the attorney-client privilege or attorney work-product doctrine).  Counsel for each party shall furnish a written certification to all counsel that it has fully complied with this paragraph.  Notwithstanding anything to the contrary in this Order, counsel for each party shall retain one archived set of all documents produced by its client(s) that were marked as Confidential or Attorneys' Eyes Only for a period of six (6) years following the completion of this litigation, including any post-judgment motions and appeals.  Counsel may destroy the archived set of documents after the six-year period ends without notice to the other parties or those parties' attorneys.  This Order shall continue to be binding after the completion of this litigation.

Dated: January 11, 2010                          ENTERED:

_____
United States District Judge

4

**Attachment A**

**<u>WRITTEN CONFIRMATION</u>**

  I, _____, have read and understand the terms of the Stipulated Protective Order ("Protective Order") entered in *Church Mutual Insurance Company v. Harold R. Copenhaver, et al.*, Civil Action No. 4:09-cv-00487, United States District Court for the Eastern District of Arkansas.  I hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of this Court.


Date:_____          _____
                       (Signature)

5