IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHURCH MUTUAL INSURANCE COMPANY          PLAINTIFF

V.                          4:09CV00487 JMM

HAROLD R. COPENHAVER, JEFF W. O'DONNELL,
and UNITED INSURANCE AGENCY INC.          DEFENDANTS

**ORDER**

Pending it the Plaintiff's Motion to Vacate Order and Enforce the Settlement Agreement and the Defendants' Motion to Vacate Order and Enforce Settlement Agreement, or in the Alternative, Motion to Declare Settlement Null and Void. The parties appeared before the Court on February 18, 2011 to argue their positions regarding these motions.

The Court was informed on October 13, 2010, that the parties had reached a settlement in this case. According to the evidence presented to the Court, the parties conducted all settlement negotiations in writing via e-mail. The substantive emails began on September 23, 2010 and concluded on October 14, 2010. On October 14, 2010, Plaintiff's counsel sent a settlement agreement to Defendants' counsel for signature. By the end of the day, Defendants' counsel responded that the terms of the "noncompetition clause" contained in the settlement agreement were "misstated." The settlement agreement was not signed. Motions to enforce the respective settlement agreements were subsequently filed with the Court.

The Court is aware that, under Arkansas law, where attorneys are conducting settlement negotiations with specific authority from their clients, an oral agreement for settlement is binding

and the client's signature on the written agreement is not essential to finalize the parties' contract. *See Bissada v. Arkansas Children's Hosp.* 2009 WL 1010869, 10 (E.D.Ark. 2009)(citing *Traylor v. Fulcher*, 1983 WL 766, at *2 (Ark. App. July 6, 1983)); see also *Ark. Anthracite Coal & Land Co.,* 218 S.W. 839, 841 (Ark. 1920)("[i]f...there was a completed oral agreement, the parties were bound by it, even though it was to be reduced to writing."). There is no dispute that the parties in this case were represented by competent counsel who had the authority to bind them. However, the Court finds that there was no actual agreement between the parties or their counsel at any time as to the terms of the noncompetition clause which was a vital part of the settlement agreement.

It is apparent that Defendants' counsel, Paul Waddell, and Plaintiff's counsel, Mary O'Brien, believed during the course of their email negotiations that they had a mutual agreement as to the terms of the settlement. At the hearing, counsel explained to the Court their interpretations of the emails. Each interpretation was reasonable. This fact further supports the Court's determination that there was never a "meeting of the minds" between the parties. "A district court 'does not have the power ... to decide ... that a draft settlement agreement was binding when the parties did not agree on it.'" *TCBY Systems, Inc. v. EGB Associates, Inc.,* 2 F.3d 288, 290 (8th Cir. 1993) (quoting *Wang Lab., Inc. v. Applied Computer Sciences, Inc.*, 958 F.2d 355, 359 (Fed. Cir. 1992)).

Plaintiff's Motion to Vacate Order and Enforce the Settlement Agreement (Docket # 91) and the Defendants' Motion to Vacate Order and Enforce Settlement Agreement (Docket # 94) are DENIED. The Court finds that there was no settlement agreement between the parties. Therefore, Defendants' alternative Motion to Declare Settlement Null and Void (Docket # 94) is MOOT. A new trial date will be set by separate order.

IT IS SO ORDERED this 22nd day of February, 2011.

                                                                        James M. Moody  
                                                                        United States District Judge